**Debbie FIESTER, an individual,
Plaintiff-Appellant,**

**v.**

**Allan TURNER, et al.,
Defendants-Appellees.**

**No. 85–4299.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 27, 1986.

Decided March 5, 1986.

William Pierson, Burns & Ricketts, Seattle, Wash., for plaintiff-appellant.

Kelly Corr, Seattle, Wash., for defendants-appellees.

Before WALLACE, PREGERSON and KOZINSKI, Circuit Judges.

### ORDER

Defendants move to dismiss plaintiff Fiester's appeal for lack of subject matter jurisdiction, contending that the notice of appeal was not timely filed. We deny this motion because although Fiester's notice of appeal is untimely as to the underlying judgment, it is timely as to the district court's denial of his motion for reconsideration.

Judgment in this case was entered on August 16, 1985. Fiester's counsel, however, did not learn of the decision until September 4, and then filed a motion for reconsideration under Fed.R.Civ.P. 59(e) on September 11. On October 23, the district court denied the motion. Fiester filed her notice of appeal on November 4.

■ The ten-day period for filing a rule 59(e) motion for reconsideration in this case expired on August 26. Fiester's motion on September 11 was therefore untimely. An untimely motion for reconsideration does not suspend the time to appeal from the judgment. Fed.R.App.P. 4(a)(4); *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1418–19 (9th Cir.1984).

Fiester contends, however, that the tolling provisions of rule 4(a)(4) are applicable[1] and that her appeal from the underlying judgment is therefore timely because: (1) defendants waived their right to question this court's jurisdiction; and (2) the district court granted her relief under Fed.R.Civ.P. 60(b)(1) and excused her from strict conformity with the 10-day time limit.

■ Fiester's waiver contention has no merit. A timely appeal is required to vest this court with jurisdiction. *Wallace v. Chappell*, 637 F.2d 1345, 1346 (9th Cir. 1981) (en banc) (per curiam). Jurisdiction over an appeal is open to challenge at any time. *Regents of the University of California v. Heckler*, 771 F.2d 1182, 1186 n. 8 (9th Cir.1985); *see Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). Even had defendants not moved to dismiss the appeal, we would have been required to consider on our motion whether jurisdiction existed. *Solano v. Beilby*, 761 F.2d 1369, 1370 (9th Cir.1985). *Rodgers v. Watt*, 722 F.2d 456, 457 (9th Cir.1983) (en banc).

■ In *Rodgers*, we recognized a district court's authority under Fed.R.Civ.P. 60(b)(1) to vacate and reenter judgment in order to revive a lapsed right of appeal. *Id.* at 460. Fiester's reliance on *Rodgers* is misplaced. In *Rodgers*, we emphasized that rule 60(b) relief is available only if the excusable neglect arises after the sixty day period provided by rule 4(a). *Id.* at 459. Here, even if we construe Fiester's rule 59(e) motion as a rule 60(b) motion, her right of appeal had not lapsed when she sought relief.

---

1. Fed.R.App.P. 4(a)(4) reads in pertinent part: If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment, the time for appeal for all parties shall run from the entry of the order ... granting or denying any other such motion.

Therefore, *Rodgers* is inapplicable. The question before us is the effect, if any, to be given the district court's consideration of Fiester's untimely motion for reconsideration.

The court considered the merits of the motion because Fiester filed it within 10 days of receiving notice that judgment had been entered. Rule 6(b) of the Federal Rules of Civil Procedure prohibited the district court from granting an extension of time to file the motion. *Scott v. Younger,* 739 F.2d at 1467; *see Fox v. Brewer,* 620 F.2d 177, 179 (8th Cir.1980). It is not clear whether the court intended to grant an extension of time for the motion or whether it simply treated the motion as timely filed. Under either rationale, the effect was to allow an extension of time prohibited by the rules.

■ We must therefore examine this case under the "unique circumstances" doctrine. This doctrine permits an appeal despite noncompliance with jurisdictional requirements if the appellant relied upon judicial action and, in so relying, forfeited the right to appeal. *See Wolfsohn v. Hankin,* 376 U.S. 203, 203, 84 S.Ct. 699, 699, 11 L.Ed.2d 636 (1964) (per curiam) (reliance on district court's erroneous grant of extension of time to file motion for rehearing); *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265, 1268 (9th Cir. 1985) (reliance on district court's erroneous grant of extension of time to file notice of appeal).

Fiester's case is similar to *Wolfsohn* in that both involved district court actions that violated the restrictions of Fed.R. Civ.P. 6(b); however, there is a significant distinction. The district court granted the extension in *Wolfsohn* when the parties could still have filed a timely appeal. Here time had already run by the time the district court acted. *See* 321 F.2d 393, 394 (D.C.1963) (per curiam).

In *United Artists,* we quoted approvingly the Eleventh Circuit's "succinct summar[y] [of] the appropriate circumstances" warranting invocation of this doctrine:

Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, *so long as the judicial action occurred prior to the expiration of the official time period* such that the appellant could have given timely notice had he not been lulled into inactivity.

*United Artists,* 771 F.2d at 1268 (quoting *Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984)) (per curiam) (emphasis added).

■ Fiester fails to satisfy this test. The time for Fiester to file a notice of appeal expired on September 16, 1985. The time in which she could have sought an extension of time to appeal under Fed.R. App.P. 4(a)(5) expired on October 16. The district court issued no ruling until October 23. Fiester was not misled by any judicial action at a time when she could have done anything to preserve her rights. Thus, Fiester is not entitled to the protection of the "unique circumstances" doctrine.

■ The appeal is untimely as to the underlying judgment. We can, however, construe the district court's order as one denying relief under Fed.R.Civ.P. 60(b). *See Rodriguez v. Southern Pacific Transportation Co.,* 587 F.2d 980, 981 (9th Cir. 1978). So viewed, the order is appealable but reviewable only for abuse of discretion in denying the motion for reconsideration— not for error in the underlying judgment. *Cel-A-Pak v. California Agricultural Labor Relations Board,* 680 F.2d 664, 668 (9th Cir.1982), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

Defendants' motion to dismiss this appeal for lack of jurisdiction is DENIED.