891 F.2d 298
 15 U.S.P.Q.2d 1159
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MENTOR CORPORATION, Linda Radovan Williamson, as executrix
of the Estate of Chedomir Radovan; Hilton Becker,
M.D.; and Beverley Anne Becker,
Plaintiffs-Appellants,
v.
COX-UPHOFF CORPORATION and Cox-Uphoff International,
Defendants/Cross-Appellants.
 Nos. 89-1302, 89-1348 and 89-1472.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1989.
Rehearing Denied Dec. 14, 1989.
Suggestion for Rehearing In Banc Declined Jan. 8, 1990.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment notwithstanding the verdict in favor of Cox-Uphoff entered by the United States District Court for the Central District of California, No. CV 87-5611-JWC(Tx) (Jan. 30, 1989), is reversed, and the case is remanded with instructions that the district court enter judgment on the jury verdict in its entirety and issue a permanent injunction pursuant to it. The findings of fact and conclusions of law supporting the judgment NOV, as well as the conditional order of a new trial, are vacated. Cox-Uphoff's cross-appeal from the district court's order denying its motion to amend findings of fact and conclusions of law is dismissed, and Cox-Uphoff will pay Mentor's attorney fees incurred in responding to the cross-appeal. Mentor will have its costs.
 
 OPINION
 
 2
 "The district court focused on evidence in support of [Cox-Uphoff's] contentions, rather than on evidence in support of the jury's findings. That approach constitutes reversible legal error, particularly where, as here, it involves a virtual disregard of substantial evidence on which the jury could reasonably have reached a contrary determination." Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1572 (Fed.Cir.1986). We agree with Mentor that substantial evidence exists in the record to support the jury's findings; that is all Mentor need show to convince us that the trial judge erred in granting Cox-Uphoff JNOV. Id. at 1571.
 
 
 3
 Not only did the district court disregard the findings of the jury and the supporting record evidence, but it also supplied a defense that Cox-Uphoff chose not to pursue and that accordingly was not tried: the invalidity of the Becker patent under section 102(b). The failure of Cox-Uphoff's counsel to acknowledge, indeed its reliance on, the district court's error is disingenuous.
 
 
 4
 As for the cross-appeal, this court twice before has addressed the timeliness of Cox-Uphoff's post-judgment motion. See Orders dated April 3, 1989, and May 23, 1989. In the April 3 order we clearly stated that the motion, filed March 17, 1989, was untimely because not filed within ten days of entry of the final judgment on February 28, 1989. See Fed.R.Civ.Pro. 59. Therefore, we dismiss Cox-Uphoff's frivolous cross-appeal and award attorney fees in favor of Mentor.
 
 
 5
 The district court's conditional grant to Cox-Uphoff of a new trial in response to this untimely motion is of no effect. The ten day time period provided in Rule 59 is mandatory and jurisdictional and cannot be extended in the discretion of the district court. See Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986); Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984).