968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul SALDANO, et al, Petitioner-Appellant,
v.
U.S. POSTAL SERVICE, et al, Respondent-Appellee.
 No. 90-56156.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 9, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants, Raul Saldano, George Nguyen, and Brad Tepos, appeal the dismissal of their Federal Tort Claims Act ("FTCA") suit against the United States and the district court's refusal to grant their motion for reconsideration. The appellants argue that the district court erred by dismissing their action with prejudice because they had served notice upon the federal driver within the jurisdictional time period required by FTCA. We affirm.
 
 
 4
 This case arises from a car accident involving appellants and U.S. Postal Service employee Homer Thigpen. On March 18, 1988, the appellants filed a state court claim naming the U.S. Postal Service, Homer Thigpen, and the City of Los Angeles as defendants. In a letter dated November 17, 1988, the U.S. Postal Service denied an administrative claim submitted by the appellants on March 24, 1988. After certifying that the driver was acting within the scope of his employment, the United States removed the case to federal district court. On April 26, 1990, the district court dismissed the case with prejudice, stating that the appellants had failed to bring an action against the United States within the six month statute of limitations, as required by 28 U.S.C. § 2401. The appellants contested the district court's dismissal with prejudice in a motion for reconsideration filed on May 15, 1990. When the district court denied the appellants' motion, they filed a notice of appeal. The notice, which was filed on August 20, 1990, seeks to appeal the district court's order of dismissal with prejudice and the order denying the motion for reconsideration.
 
 
 5
 The United States argues that the appellants' notice of appeal is untimely with respect to the district court's order of dismissal with prejudice entered on April 26, 1990. In cases to which the United States is a party, F.R.A.P. 4(a)(1) provides plaintiffs with no more than 60 days after entry of the court's order to appeal. When a motion to amend or alter judgment pursuant to F.R.C.P. Rule 59 is filed, however, the time for appeal runs from the entry of the order denying or granting the motion. F.R.A.P. 4(a)(4).
 
 
 6
 As a general rule, this court has treated a timely motion for reconsideration as a motion to alter or amend a judgment. Scott v. Younger, 739 F.2d 1464, 166-67 (9th Cir.1984); Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019, 1019 (9th Cir.1983). According to F.R.C.P. 59(e), a motion to alter or amend a judgment must be served no later than 10 days after entry of judgment. If a motion for reconsideration is not served in a timely fashion, the time to appeal the underlying judgment is not suspended. Fiester v. Turner, 783 F.2d 1474, 1475 (9th Cir.1986); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir.1984). Because the appellants' motion for reconsideration was not served within 10 days of the district court's order of dismissal, the motion for reconsideration under F.R.C.P. 59(e) was untimely, and the time for appeal was not tolled by the motion for reconsideration. Consequently, the time for appeal expired on June 26, 1990, 60 days after the district court's dismissal was entered.
 
 
 7
 Since this court can hear neither the Rule 59(e) motion nor the underlying appeal, this court can take jurisdiction of the case only by construing the motion for reconsideration as a motion based on F.R.C.P. 60(b)(1) or 60(b)(6). Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989). A judgment may be altered under Rule 60(b)(1) on the basis of mistake, inadvertence, or excusable neglect. Pursuant to F.R.C.P. 60(b)(6), it may also be altered for any other reason justifying relief from judgment.
 
 
 8
 This court reviews a denial of a motion for reconsideration under F.R.C.P. 60(b) for abuse of discretion. Fiester, 783 F.2d at 1475-76. When a motion is construed as a Rule 60(b)(1) motion, the party must show that the district court committed a specific error. Straw, 866 F.2d at 1172; Thompson v. Housing Authority of the City of Los Angeles, 782 F.2d 829, 832 (9th Cir.1986). In the instant case, the records do not show that the appellants made any allegations or showed proof of any mistake committed by the district court. Thus, the appellants would not be entitled to relief under F.R.C.P. Rule 60(b)(1).
 
 
 9
 If the court considers the motion for reconsideration as a F.R.C.P. Rule 60(b)(6) motion under "any other reason justifying relief from the operation of judgment," the appellants must show that "extraordinary circumstances" exist to justify relief from judgment. Straw, 866 F.2d at 1172; United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir.1982). The grounds on which the appellants seek relief from the dismissal illustrate negligence on the part of the appellants, not the "extraordinary circumstances" required to grant a F.R.C.P. 60(b)(6) motion.[1] Because the motion for reconsideration was untimely and does not meet the standards of F.R.C.P. Rule 60(b)(1) or 60(b)(2), the district court's denial of the motion for reconsideration was not an abuse of discretion.
 
 
 10
 Time limits for filing notices of appeal are mandatory and jurisdictional. Scott, 739 F.2d at 1466; Johnson v. Pulley, 685 F.2d 327, 328 (9th Cir.1982). Therefore, the appellants' untimely motion for reconsideration and notice of appeal deprives this court of jurisdiction to review any of the issues related to the district court's April 26, 1990 dismissal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's July 3, 1990 order denying the motion for reconsideration shows that the appellants attempted to introduce evidence concerning the service of process of Thigpen, when that information should have been presented to the court during the government's initial motion to dismiss. ER 32, p. 3