990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. REINKE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55418.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Reinke appeals pro se the district court's denial of his motion for reconsideration. The district court denied Reinke's third pro se 28 U.S.C. § 2255 motion because the claimed error "does not constitute a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair practice." We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 I. Procedural History
 
 3
 On 24 February 1986, the United States Attorney for the Central District of California filed an information against Reinke alleging two counts of mail fraud in violation of 18 U.S.C. § 1341. The information alleged that Reinke was employed by the Northrop Corporation (Northrop) as an engineering specialist. Reinke's alleged responsibilities included the design and development of equipment used in the United States Air Force Stealth Program. Reinke was alleged to have formed his own company called "RF Engineering, Inc." Reinke allegedly caused Northrop to issue subcontracts to RF Engineering. Pursuant to those contracts, RF Engineering allegedly supplied products to Northrop at inflated prices.
 
 
 4
 On 19 March 1986, Reinke, with the assistance of counsel, pleaded guilty to both counts of the information. On 11 August 1986, Reinke was sentenced to five years of incarceration on count one and five years of supervised release on count two and ordered to pay $144,000 in restitution. Reinke surrendered to the custody of the Attorney General in September 1986.
 
 
 5
 On 8 December 1986, while still represented by counsel, Reinke filed a motion pursuant to Federal Rule of Criminal Procedure 35 for reduction and modification of his sentence. Reinke sought a reduction of the period of his incarceration and the deletion of the restitution order. On 23 July 1987, the district court granted Reinke's motion in part and reduced his term of incarceration to two years. On 2 December 1988, the district court deleted the restitution order portion of Reinke's sentence.
 
 
 6
 Meanwhile, Reinke filed his first of five pro se motions pursuant to 28 U.S.C. § 2255.[1] On 31 July 1987, Reinke filed his first post-conviction motion in the Central District of California in the form of an amended motion pursuant to section 2255.[2] Reinke listed eight grounds for relief. The district court categorized the grounds into five separate attacks on the legality of his sentence: (1) Reinke's right to allocution was frustrated because he was not allowed to present information before the court; (2) the United States Air Force intimidated defense counsel thereby impinging on Reinke's sixth amendment right to counsel; (3) the government threatened Reinke; (4) the district court engaged in "self-dealing" by considering the public's perception of the case rather than justice; and (5) the government failed to show a loss on the part of the victim, a prerequisite for a valid conviction for mail fraud under 18 U.S.C. § 1341.
 
 
 7
 On 2 September 1987, Reinke filed his second pro se post-conviction motion in the Central District of California in the form of a motion pursuant to section 2255.[3] Reinke's second section 2255 motion appears to have been identical to his first section 2255 motion. On 27 October 1987, the district court filed an order summarily dismissing Reinke's second section 2255 motion.
 
 
 8
 On 9 November 1987, the district court entered an order denying on the merits Reinke's first section 2255 motion. The district court determined that the district court record contained no factual foundation for Reinke's first, second, third, or fourth grounds for relief. On the fifth ground, the district court found that "[t]he evidence presented both at trial and at defendant's sentencing indicate that the government satisfied its burden with respect to the factual element necessary under 18 U.S.C. § 1341."
 
 
 9
 On 23 March 1990, following oral argument, this court affirmed the district court's order denying Reinke's section 2255 motions.[4] Reinke v. United States, No. 87-6688, unpublished memorandum disposition (9th Cir. Mar. 23, 1990). On Reinke's first four claims, this court found "no support in the record" for these claims and affirmed the district court's judgment. Id. at 4. On the fifth ground, this court found that "the information, guilty plea, and Reinke's own written and oral statements" provided "a sufficient factual basis for the sentence." Id. at 7.
 
 
 10
 On 11 July 1990, Reinke filed his third pro se post-conviction motion in the Central District of California in the form of a motion pursuant to section 2255.[5] Reinke argued that his guilty plea was defective because of the following issues relating to the restitution order: (1) he was not advised that restitution was a possible consequence of his plea; (2) although the court later deleted the restitution order from his sentence, the order was pending for three years and caused injury to him during that time; (3) the restitution order erroneously directed defendant to pay restitution to "the government"; (4) Reinke allegedly settled his civil action with Northrop without being required to pay damages, which according to Reinke demonstrated that Northrop was entitled to no restitution; and (5) at one point during a sentencing hearing, the court remarked that it did not know the law on a particular point. In addition, Reinke argued, once again, that his conviction was flawed because the court lacked a factual basis for finding that he overcharged Northrop.
 
 
 11
 In a written order dated 11 September 1990, the district court denied Reinke's third section 2255 motion finding that, "as a matter of law, the error [Reinke] claims does not constitute a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair practice."
 
 
 12
 On 15 October 1990, Reinke filed a motion for reconsideration of the court's 11 September 1990 order. Reinke reiterated his original arguments and argued that the case relied on by the government was decided after his sentencing date and, therefore, inapplicable. In a written order dated 5 December 1990, the district court denied Reinke's motion for reconsideration.[6]
 
 II. Motion For Reconsideration
 
 13
 A motion for reconsideration filed more than 10 days after a district court's judgment can be construed as a Fed.R.Civ.P. 60(b) motion. Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986). Such motions are reviewable only for abuse of discretion, and not for the claimed error in the underlying judgment. Id.
 
 
 14
 The district court denied Reinke's section 2255 petition on 18 September 1990. Reinke filed his motion for reconsideration on 15 October 1990. Thus, Reinke's motion for reconsideration was filed more than 10 days after the district court denied his 28 U.S.C. § 2255 motion. Therefore, we construe Reinke's motion as a Rule 60(b) motion for reconsideration. See id.
 
 
 15
 Rule 60(b) states that upon a motion, the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. Fed.R.Civ.P. 60(b).
 
 
 16
 Nevertheless, Reinke continues to argue the merits of the underlying section 2255 motion. Insofar as Reinke's arguments can be construed under Rule 60(b), we affirm the district court's denial of Reinke's motion for reconsideration.
 
 
 17
 First, we note that the district court deleted the order of restitution on 2 December 1988. With regard to Reinke's argument that his sentence was illegal because he was ordered to pay restitution to Northrop even though he was not advised that restitution was a possible consequence of his plea, we agree with the district court that a technical violation of Fed.R.Crim.P. 11 is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979). The district court record indicates that before pleading guilty to both counts, Reinke was advised that he could face a maximum of ten years incarceration and a $500,000.00 fine as a consequence of his guilty plea. We, therefore, find that the restitution order is a technical defect which does not result in a complete miscarriage of justice. See id. Thus, Reinke's attack on the court's restitution order is not cognizable under 28 U.S.C. § 2255. See id.
 
 
 18
 To the extent that Reinke attacks the factual basis for the restitution order, we note that this court has already determined that "the information, guilty plea and Reinke's own written and oral statements" provided "a sufficient factual basis for the sentence." Reinke, No. 87-6688, unpublished memorandum disposition at 7 (9th Cir. Mar. 23, 1990).
 
 
 19
 Accordingly, the district court did not abuse its discretion in denying Reinke's motion for reconsideration.[7]
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Reinke's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reinke originally filed a motion pursuant to 28 U.S.C. § 2241 in the Northern District of Texas. The court construed the motion as a request for relief under 28 U.S.C. § 2255 and transferred the case to the sentencing court
 
 
 [2]
 Reinke's first amended motion was filed under district court number CV-87-4167-SVW
 
 
 [3]
 Reinke's second motion was filed under district court number CV-87-5826-SVW
 
 
 [4]
 Reinke's appeal was filed under court number 87-6688. This appeal affirmed Reinke's first motion (CV-87-5826-SVW) and his second motion (CV-87-5826-SVW)
 
 
 [5]
 Reinke's third motion was filed under district court number CV-90-3605-SVW
 
 
 [6]
 Since the district court denied Reinke's third section 2255 motion, he has filed two additional section 2255 motions. Reinke's fourth pro se section 2255 motion was filed under district court number CV-87-4167-SVW on 28 January 1991. The district court determined that this motion was "successive in that [Reinke] is seeking relief identical to that requested in not merely one, but two earlier motions." Thus, the district court denied Reinke's fourth section 2255 motion. Reinke's appeal in that case was filed in this court under docket number 91-55821
 Reinke's fifth pro se section 2255 motion was filed on 27 April 1992. The district court found this motion was without merit and summarily dismissed the motion. Reinke's appeal in that case was filed in this court under docket number 92-55799.
 
 
 [7]
 On 19 January 1993, Reinke filed a motion with this court requesting that (1) his three appeals be heard by different panels, and (2) a prehearing conference be held. This motion is without merit and, therefore, is denied