995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aror Ark O'DIAH, Plaintiff-Appellant.
v.
APPLIED RISK MANAGEMENT; University of California Regents;
Kaiser Hospital, Oakland and Hayward; California State
University Chancellor; Alameda Superior Court, Oakland, et
al., Defendants-Appellees.
 No. 92-15030.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, THOMPSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aror Ark O'Diah appeals pro se the denial of his motion for reconsideration of the district court's dismissal of his 42 U.S.C. § 1983 action against the defendants. Liberally construing his pleadings,[1] O'Diah contends that the University of California and Applied Risk Management, the administrator of the University's worker's compensation plan, failed to provide medical attention for a work-related injury and wrongfully denied his disability claim. He further contends that these defendants conspired with the Kaiser Foundation Hospitals and Doctor Gak to misrepresent his medical records, and that various judges conspired against him to obstruct justice and deny him equal access to the courts. We review the denial of a motion for reconsideration for an abuse of discretion, see Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 899 (1986), and affirm.
 
 
 3
 The district court entered its order and judgment denying O'Diah's action against the defendants on September 19, 1991. O'Diah served his motion for reconsideration on October 7, 1991. Reconsideration of a judgment can be requested under either Fed.R.Civ.P. 59(e) or 60(b). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Under Rule 59(e), however, the motion must be served within 10 days of the entry of judgment. See Fed.R.Civ.P. 59(e); Miller v. Maxwell's Int'l Inc., No. 90-16286, slip op. 3829, 3835 (9th Cir. April 19, 1993) ("timeliness of Rule 59(e) motion hinges on date of service by movant"). Because O'Diah did not serve his motion for reconsideration within ten days of the entry of judgment, we construe the motion as one pursuant to Rule 60(b). See Turner v. Fiester, 783 F.2d 1474, 1476 (9th Cir.1986).
 
 
 4
 The district court did not abuse its discretion in denying O'Diah's motion for reconsideration. O'Diah sued parties with either eleventh amendment immunity or absolute judicial immunity from suit, and he raised conclusory allegations of far-reaching conspiracies between these and other defendants. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of official participation in civil rights allegations will not withstand a motion to dismiss). Although the district court granted O'Diah's motion to file an amended complaint to allow him an opportunity to state his allegations with specificity, he merely reiterated his conclusory allegations.
 
 
 5
 Finally, as the district court noted, O'Diah's Rule 60(b) motion did not clearly state a basis for reconsideration. Accordingly, the district court did not abuse its discretion by denying this motion. See Backlund, 778 F.2d at 1388 (where movants did not argue that their case fell within any exception of Rule 60(b), and no exception was applicable, the district court did not abuse its discretion by denying reconsideration).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, O'Diah makes no clear statement of issues on appeal