995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Spencer THOMAS, Plaintiff-Appellant,
v.
Gloria WILLIAMS; William Mallen; City and County of San
Francisco; et al., Defendants-Appellees.
 No. 92-15730.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Spencer Thomas appeals pro se the district court's orders dismissing his action and denying his motion for reconsideration. Thomas filed his 42 U.S.C. § 1983 action against San Francisco Municipal Court Judge William Mallen, the San Francisco Municipal Court, and several private individuals. Thomas claimed that the defendants violated his civil rights in connection with a landlord-tenant dispute litigated in San Francisco Municipal Court. We have jurisdiction pursuant to 28 U.S.C. § 1291[1], and we affirm.[2]
 
 
 3
 As a preliminary matter, we must determine whether the federal courts have jurisdiction to hear Thomas's action. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of state court judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (lower federal courts possess no power to sit in direct review of state court decisions); McNair, 805 F.2d at 890. Review of such determinations may only be obtained in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476; McNair, 805 F.2d at 890. "This [prohibition] applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891 (citing Feldman, 460 U.S. at 482-86). "The rationale for this rule is that the state courts are as competent as federal courts to decide federal constitutional issues." McNair, 805 F.2d at 891 (citing Allen v. McCurry, 449 U.S. 90, 104 (1980) (nothing in the legislative history of 42 U.S.C. § 1983 supports the argument that a person claiming a federal right should have an unrestricted opportunity to relitigate in federal court issues already decided in state court; state courts have a constitutional obligation to uphold federal law)).
 
 
 4
 Thomas is the landlord of an apartment building located at 726 Fillmore Street, San Francisco, California. In 1990, the private defendants, present and past tenants of 726 Fillmore, brought suit against Thomas in the Municipal Court of San Francisco for breach of the warranty of habitability. Due to Thomas's failure to answer, a default judgment was entered. Thomas's motion to set aside the default judgment was denied by Judge Mallen. Thomas sought writs of mandate to the San Francisco Superior Court; the Court of Appeal, First Appellate District; and the California Supreme Court, all of which were denied. In exhausting his state remedies Thomas argued that he had a right to a trial on the merits and "that the Municipal Court was violating the 5th, 6th, 8th and 14th Amendments of the US Constitution." (CR 1 at 3).
 
 
 5
 In this present action, Thomas alleged that the defendants conspired to violate his civil rights and that he was denied due process when a default judgment was not set aside. Thomas litigated in state court the claims he attempted to litigate in the United States District Court (see id.). Section 1983 does not provide Thomas with an unrestricted opportunity to relitigate these claims in federal court. See Allen, 449 U.S. at 104-05. Moreover, we conclude that Thomas's constitutional claims are "inextricably intertwined" with the state court's judicial determinations. See Feldman, 460 U.S. at 482-86; McNair, 805 F.2d at 891. Thus, the district court could not evaluate Thomas's constitutional claims without conducting a review of the state court's legal determinations. See Feldman, 460 U.S. at 482-86 & n. 16 (when constitutional claims presented to the United States District Court are inextricably intertwined with the state court's decision the district court is being called upon to review the state court decision); McNair 805 F.2d at 891. Therefore, the district court lacked subject matter jurisdiction over Thomas's complaint. See Feldman, 460 U.S. at 486; Allen, 449 U.S. at 104; McNair, 805 F.2d at 893.[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 6 February 1992, the district court entered an order dismissing the action. On 3 March 1992, Thomas filed a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b). On 1 April 1992, the district court entered an order denying Thomas's motion for reconsideration. On 16 April 1992, Thomas filed his notice of appeal. Because the district court never entered a separate judgment, we have jurisdiction to review the underlying dismissal of the action, as well as the order denying the motion for reconsideration. See McCalden v. California Library Ass'n, 955 F.2d 1214, 1218-19 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992) (the time for appeal does not begin to run until the district court enters a separate judgment noting the action is dismissed)
 
 
 [2]
 This court also affirmed the dismissal of Thomas's second federal civil rights action arising out of the same dispute, CV-92-02561-MPH. See Thomas v. City and County of San Francisco, No. 92-16735, unpublished memorandum disposition (9th Cir. ______, 1993)
 
 
 [3]
 Thomas has pointed to no case law or evidence, and we discern none from the record, that indicates that the district court abused its discretion in denying the motion for reconsideration. Therefore, we also affirm the district court's denial of Thomas's motion for reconsideration. See Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986) (motions for reconsideration made pursuant to Fed.R.Civ.P. 60(b) are reviewable only for abuse of discretion, and not for the claimed error in the underlying judgment)