15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James McFADDEN, Plaintiff-Appellant,
v.
ERIN INTERNATIONAL CORP., Defendant,
and
Federal Deposit Insurance Corp., Defendant-Appellee.
 No. 93-35636.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James McFadden appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion, see Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and we affirm.
 
 I. Jurisdiction
 
 3
 McFadden contends that his state common law action against the FDIC was improperly removed from the Alaska state court to the federal district court which then improperly applied federal law. We disagree. See 12 U.S.C. Secs. 1819(b); FDIC v. Zook Bros. Constr. Co., 973 F.2d 1448, 1450 (9th Cir.1992) (suits in which the FDIC is a party are deemed to arise under the laws of the United States).
 
 II. Res Judicata
 
 4
 McFadden contends that the district court erred in granting summary judgment in favor of the FDIC because his action was barred by res judicata based on a prior district court judgment dismissing his action with prejudice. This contention lacks merit. Res judicata or claim preclusion bars the relitigation of claims presented in a prior action. Res judicata applies when there is (1) a valid, final judgment, (2) rendered on the merits, (3) a subsequent action involving the same parties or those in privity with them, (4) that is based on the same cause of action or claim. Hooker v. Klein, 573 F.2d 1360, 1367 (9th Cir.), cert. denied, 439 U.S. 932 (1978). Here, all of the necessary elements are present. First, the district court's order dismissing McFadden's complaint is final. Second, the district court's dismissal with prejudice is on the merits. Third, the actions involve McFadden or his alter ego, "McFadden as [various capacities]" or "McFadden [doing business as]." Finally, the claims in these actions arise out of the same attempted purchase of property from the FDIC.
 
 
 5
 Because the judgment in the earlier action is final not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for that purpose, the district court properly granted summary judgment in favor of the FDIC. See United States v. Skokomish Indian Tribe, 764 F.2d 670, 672 (9th Cir.1985).[2]
 
 III. Rule 60(b) Motion
 
 6
 McFadden contends that the district court erred in denying his Fed.R.Civ.P. 60(b) motion for relief from judgment. We disagree. To prevail under Rule 60(b), McFadden must demonstrate by clear and convincing evidence (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief from operation of judgment. See Fed.R.Civ.P. 60(b); Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir.1990). Further, if the judgment was obtained by fraud, misrepresentation, or misconduct, McFadden must show that such conduct prevented him from fully and fairly presenting his case, see Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir.1982), and that the alleged misrepresentation was material because the Rule 60(b) is aimed at judgments that were unfairly obtained, not those which are factually incorrect. See In re M/V Peacock, 809 F.2d 1403, 1404 (9th Cir.1987). Moreover, the Rule 60(b) motion must be based on evidence that was not discoverable earlier. See Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir.1991).
 
 
 7
 McFadden's Rule 60(b) motion and the accompanying memorandum merely reiterate facts and contentions previously considered and rejected by the district court. Because McFadden failed to establish he was entitled to relief from judgment, the district court did not abuse its discretion in denying McFadden's Rule 60(b) motion.
 
 
 8
 Because the district court properly granted summary judgment and because the district court properly denied McFadden's Fed.R.Civ.P. 60(b) motion, the district court did not abuse its discretion in denying him permission to add additional parties. The judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McFadden's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McFadden's notice of appeal is timely only from the district court's May 28, 1993, June 1, 1993, and June 22, 1993 orders denying his motion for reconsideration, motion to add additional defendants, and denying sanctions. Accordingly, we do not have jurisdiction to review the orders underlying the district court's judgment. See Brower v. Director, Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978); Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986)
 
 
 [2]
 Because the district court properly granted summary judgment in favor of the FDIC, because McFadden failed to comply with Fed.R.Civ.P. 56(f), and because McFadden fails to identify any discoverable material which would lead to a different result, the district court properly denied his motion for further discovery