**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEIDRA A. LINTZ, | No. 13-17315 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01907-GEB-KJN |
| v. | |
| MEGAN J. BRENNAN,* Postmaster General of the United States; UNITED STATES POSTAL SERVICE, | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted June 14, 2016***

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Deidra A. Lintz appeals pro se from the district court's orders denying

---

\* Megan J. Brennan has been substituted for her predecessor, John E. Potter, as Postmaster General, under Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lintz's post-judgment motions in her employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Lintz's motions for reconsideration because Lintz failed to demonstrate any basis for relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012) (setting forth standard of review and factors warranting reconsideration under Rule 60(a)); *Sch. Dist. No. 1J*, 5 F.3d at 1262-63 (grounds for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)).

We do not consider Lintz's contentions regarding the merits of the district court's original entry of summary judgment, or other prior rulings, because Lintz failed timely to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment); Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (required timing for post-judgment tolling motions); *Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987) (second motion for reconsideration does not toll time to appeal underlying judgment), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997); *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986) ("An untimely motion for reconsideration does not

suspend the time to appeal from the judgment.").

We reject as unsupported by the record Lintz's contentions that her "Rule 52 motion" was improperly docketed as a declaration, and that the district court erred in denying her motions without a hearing.

**AFFIRMED.**