**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM WOLFE,<br><br>                  Plaintiff-Appellant,<br><br>  v.<br><br>IDAHO DEPARTMENT OF<br>CORRECTIONS; et al.,<br><br>              Defendants-Appellees. | No. 15-35846<br><br>D.C. No. 1:13-cv-00227-EJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

William Wolfe, an Idaho state prisoner, appeals pro se from the district court's order denying his post-judgment motion for reconsideration in his 42 U.S.C. § 1983 action alleging deliberate indifference and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

Denial of Wolfe's motion for reconsideration was not an abuse of discretion because Wolfe failed to establish any basis for such relief.  *See id.* at 1262-63 (setting forth grounds for reconsideration under Fed. R. Civ. P. 60(b)); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (an untimely motion for reconsideration under Fed. R. Civ. P. 59(e) should be considered as a Rule 60(b) motion).

We lack jurisdiction to consider Wolfe's contentions regarding the district court's order granting summary judgment because Wolfe failed to file a timely notice of appeal or a timely post-judgment tolling motion after the district court entered judgment on July 21, 2015.  *See* Fed. R. Civ. P. 4(a)(1)(A); Fed. R. Civ. P. 4(a)(4); Fed. R. Civ. P. 59(e); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement."); *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986) (untimely post-judgment motion does not suspend time to appeal from the judgment).

15-35846

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**