**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASSION MOORE, | No. 15-55316 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07354-BRO-RZ |
| v. | |
| CITY OF SANTA BARBARA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted June 8, 2018**

Before: FISHER and CHRISTEN, Circuit Judges, and SHEA, District Judge.***

Passion Moore appeals from the district court's order denying her motion for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      Pursuant to the parties' request, this case was submitted for decision
on the briefs without oral argument. *See* Fed. R. App. P. 34(f).

\*\*\*      The Honorable Edward F. Shea, Senior United States District Judge
for the Eastern District of Washington, sitting by designation.

1

reconsideration.[1]  We have jurisdiction under 28 U.S.C. § 1291.  When a district court denies a motion brought under Federal Rule of Civil Procedure 60(b), we review for an abuse of discretion.  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).  We affirm.

In denying Ms. Moore's motion to alter or amend the judgment, the district court judge wrote a thorough and well-reasoned decision that addressed all the issues raised to date.  Prior to summary judgment, all of Ms. Moore's arguments relating to an improperly enhanced bail were limited to supporting her racial-animus claims.  Ms. Moore did not assert an Eighth Amendment excessive-bail claim before the district court on summary judgment, and she therefore waived that issue.  *See Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1286 (9th Cir. 1994) ("Raising an issue for the first time in a motion to reconsider is not considered adequate preservation of the issue at a summary judgment stage.").  As such, the district court properly declined to consider the merits of Ms. Moore's untimely excessive-bail arguments.

---

[1]  Ms. Moore filed a motion to alter or amend the judgment, citing Federal Rule of Civil Procedure Rule 59(e).  The district court correctly construed Ms. Moore's motion as a Rule 60(b) motion because she had not filed it within 28 days of judgment.  *See* Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within 28 days after entry of judgment).  Accordingly, we do not review the underlying judgment.  *See* Fed. R. App. P. 4(a)(4); *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986) (holding that an untimely motion does not suspend time to appeal).

The district court did not abuse its discretion by denying Ms. Moore's motion because she failed to demonstrate any basis for relief. *See* Fed. R. Civ. P. 60(b); *Fuller v. MG Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (setting forth grounds for relief under Rule 60).

Appellees' request for judicial notice, filed October 7, 2015 (Docket Entry No. 21), is **DENIED**.

**AFFIRMED.**