**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER CREG GOODSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PEREZ-PANTOJA, Correctional Officer, <br><br> Defendant-Appellee, <br><br> and <br><br> KELLY, Sgt./Lt. I.S.U.; M. VOONG, Chief Appeal Director; K. Z. ALLEN, Appeals Examiner; C. KOENIG, Warden; SANTIAGO, Associate Warden; C. FREEMAN, Captain at CTF-Central, <br><br> Defendants. | No. 20-16468 <br><br> D.C. No. 3:19-cv-01445-RS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted December 7, 2021*
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: LUCERO,** IKUTA, and VANDYKE, Circuit Judges.

California state prisoner Walter Creg Goodson ("Goodson") filed a 42 U.S.C. § 1983 action against Correctional Officer Perez-Pantoja ("Perez-Pantoja") and other prison officials in connection with the handling of his internal grievances, and the allegations made therein.[1] The district court dismissed most of Goodson's claims and the defendants he sued in an initial screening order dated July 10, 2019, and granted summary judgment to the remaining defendant, Perez-Pantoja, on April 23, 2020.

After the district court awarded final judgment to Perez-Pantoja, Goodson filed two post-judgment motions. The first motion was filed 45 days after final judgment and the second motion was filed 81 days after final judgment.[2] On appeal, Goodson urges us to review the merits of the district court's pre-judgment orders (the initial screening order and summary judgment order). But because Goodson did not file a notice of appeal within 30 days of final judgment or a timely motion to toll his deadline to appeal, we lack jurisdiction to consider the pre-judgment orders, or

---

** The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[1] The parties are familiar with the facts and procedural history of this case, so we recite only those facts necessary to decide this appeal.

[2] Goodson's first post-judgment motion for relief was entitled "Notice of Motion for Reconsideration of the Judgment and the Asserted Violation of 42 U.S.C. § 1983," and his second post-judgment motion for relief was entitled "Notice of Motion Establishing an Eighth Amendment Claim in Violation of 42 U.S.C. § 1983."

2

the final judgment into which they merged, and Goodson does not qualify for any equitable exception to those deadlines.[3] *See* Fed. R. App. P. 3, 4(a)(1)(A) (a notice of appeal must be filed within 30 days of final judgment); *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986) (under Rule 4(a)(4), an untimely post-judgment motion does not toll the time to appeal from the judgment as "[a] timely appeal is required to vest this court with jurisdiction") (internal citations omitted); *see also United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (explaining that a timely notice of appeal under Rule 4(a) is "both mandatory and jurisdictional"); *Lal v. California*, 610 F.3d 518, 523–24 (9th Cir. 2010) (noting the court lacked jurisdiction to review an underlying dismissal order when a Rule 60 motion was filed after the deadline to appeal).

Accordingly, only the district court's denial of Goodson's post-judgment motions is before us, which—whether construed under Federal Rule of Civil Procedure 60(b) or 59(e)—is reviewed for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

A district court's denial of a post-judgment motion for relief under Rule 60(b)

---

[3] Additionally, we do not consider Goodson's arguments in support of the timeliness of his appeal that were raised for the first time in his reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (courts do not consider matters not clearly raised in the opening brief).

can be reversed only if the district court "does not apply the correct law, rests its decision on a clearly erroneous finding of material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (internal citations omitted). Similarly, if Goodson's post-judgment motions for relief were filed under Rule 59(e), their denial can be reversed only if the motion presented newly discovered evidence, a clear error in the judgment, or an intervening change in controlling law. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

The district court broadly construed Goodson's post-judgment motions for relief and considered whether they met the standard for relief under *either* Rule 60(b) or Rule 59(e). But neither of Goodson's post-judgment motions for relief identified any clear and egregious misapplication of the law or facts, newly discovered evidence, or intervening change in controlling law. Accordingly, the district court did not abuse its discretion by denying Goodson's post-judgment motions for relief because Goodson failed to demonstrate any basis for such relief. *See ACandS, Inc.*, 5 F.3d at 1262–63 (grounds for relief under Rule 60(b) or 59(e)).

Because our review is limited to the district court's denial of Goodson's post-judgment motions, we conclude that the district court did not abuse its considerable

4

discretion in denying such relief. Goodson has not shown otherwise. Accordingly,

we **AFFIRM**.[4]

---

[4] Goodson's Motion for Judicial Notice (ECF No. 23-1) is hereby GRANTED and Goodson's Motion to Strike (ECF No. 49) is hereby DENIED.