**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JAY NOVICK,<br><br>Petitioner,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY, LLC; MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS, LLC; U.S. DEPARTMENT OF LABOR,<br><br>Respondents. | No. 21-71368<br><br>LABR No. ARB. 2021-0024<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Labor

Submitted November 13, 2023[**]
Pasadena, California

Before: PARKER,[***] BYBEE, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

In 2015, Petitioner Michael J. Novick brought a wrongful-termination claim against his former employer, Respondent Morgan Stanley Smith Barney, LLC, under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A. He now petitions for review of the Administrative Review Board's ("ARB's" or "Board's") denial of his motion for reconsideration of its judgment for Respondent. We have jurisdiction under 18 U.S.C. § 1514A(b)(2) and 49 U.S.C. § 42121(b)(4)(A), review the denial of a motion for reconsideration for abuse of discretion, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and deny the petition.

Under 49 U.S.C. § 42121(b)(4)(A), persons "adversely affected or aggrieved by an order" of the Secretary of Labor "may obtain review of the order in the United States Court[s] of Appeals," but their petitions "must be filed not later than 60 days after the date of the issuance of the final order." What constitutes a "final order" depends on whether the Secretary exercises her authority to review a decision of the ARB. The Secretary has delegated to the ARB the power to issue final orders concerning, *inter alia*, claims under SOX. Secretary's Order 01–2020—Delegation of Authority and Assignment of Responsibility to the Administrative Review Board, 85 Fed. Reg. 13186, 13187 (Mar. 6, 2020) [hereinafter Sec'y's Order]. The Secretary retains "discretionary [authority to] review . . . Board decisions" but, unless she does so, the ARB's order becomes final 28 days after issuance. *See id.* at 13186–87.

2

Here, the Secretary declined to review the Board's July 16 dismissal of Petitioner's administrative appeal. That dismissal would normally operate as the final order of the Secretary, requiring Petitioner to petition for review within 60 days from the date the order became final (88 total days from issuance, or by October 12, 2021). Since Petitioner did not do so until November, his petition would be untimely. But, quoting *Samuel B. Franklin Co. v. SEC*, 290 F.2d 719, 725 (9th Cir. 1961), Petitioner asserts that "[t]he timely filing of a petition for agency reconsideration . . . toll[s] the sixty-day period for appeal to this [C]ourt and that an appeal taken within sixty days from the termination of the petition for reconsideration by the agency is timely." Petitioner sought reconsideration 15 days after dismissal (on July 31). His motion was denied on September 9. And he claims we received this petition exactly 60 days thereafter (on November 8). If correct, he has met the deadline. Thus, the timeliness of this petition turns on whether Petitioner's motion for reconsideration tolled his deadline to seek review of the Board's dismissal.

For starters, the case Petitioner cites for his tolling theory, *Samuel B. Franklin Co.*, concerned an entirely different statutory appeals provision than the one at issue here: 15 U.S.C. § 78y(a), versus 49 U.S.C. § 42121(b)(4)(A). *See* 290 F.2d at 722. And even assuming that case law about the one can be transmuted to the other, that case says nothing about the effect of an *untimely*

3

petition. As Respondent notes, decisions of the ARB concerning SOX claims are final unless a party "petition[s] . . . for further review by the Secretary . . . . during the *first 14 calendar days* after the date on which a decision of the Board was issued." Sec'y's Order, *supra*, at 13188 (emphasis added). Petitioner admits that he filed his motion for reconsideration 15 days after the dismissal of his appeal. Yet, cutting against the language of the Secretary's Order, he claims that the Board may consider motions filed later than 14 days from disposition. His primary support for this contention is, curiously, the ARB's order dismissing his own motion for reconsideration, in which the Board observes that it "is authorized to reconsider a decision upon the filing of a motion . . . within a reasonable time [from when] . . . the Board issued the decision."

However, the Board's general, "reasonable time" language cannot control the specific time limit set by the Secretary of Labor. The ARB's power to issue decisions derives from, and is subject to constraints imposed by, the Secretary. *See* Sec'y's Order, *supra*, at 13188 ("Nothing in this Section shall be construed as limiting the Secretary's power to supervise or direct the actions of the Board."). Petitioner has advanced no basis for holding that the Board is free to ignore the Secretary's directives. Nor does he reference any motions filed later than 14 days that were deemed timely. Those that he does cite—all denied, but tardier than his—cannot prove by negative implication that earlier-but-still-late filings would

be acceptable. *See*, *e.g.*, *Henrich v. Ecolab, Inc.*, ARB No. 05-030, 2007 WL 1578490, at *7 (DOL Admin. Rev. Bd. May 30, 2007) (finding that a 60-day delay was untimely). "An untimely motion for reconsideration does not suspend the time to appeal from the judgment." *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986). Hence, we find that Petitioner did not toll his deadline to petition for review, meaning that he filed 27 days late. Respondent having "properly raised the untimeliness argument in the instant case," *United States v. Sadler*, 480 F.3d 932, 942 (9th Cir. 2007), we deny the tardy petition.

**DENIED.**