**Thomas Henry ROBINSON, Jr.**

v.

**Honorable Ramsey CLARK, Attorney General, and Myrl E. Alexander, Director, Bureau of Federal Prisons (and their authorized representatives).**

**Civ. A. No. 10888.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 7, 1967.

Thomas P. Gresham, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This petition for relief was brought against the Attorney General of the United States and the Director of the Federal Bureau of Prisons by a federal prisoner serving a life sentence. It raises an interesting question concerning the proper construction of 18 U.S.C.A. §§ 4161 and 4162. Both of these sections relate to "good time" allowances to prisoners, the first dealing with "good time" allowances in general, and the second with "good time" allowances for service in a prison industry. The first, Section 4161, expressly provides that it applies only to prisoners serving a "definite term other than for life", whereas the second, Section 4162, says that industrial good time shall be in addition to general good time and "under the same terms and conditions and without regard to length of sentence."

Section 4165 of Title 18 U.S.C.A. provides for the forfeiture of good time for the commission of any offense or the violation of the rules of the institution, and a rule of the Parole Board provides that a prisoner will not be considered for parole, irrespective of other considerations, during such period as his good time may be in forfeiture.

The facts of this case come about in this fashion: the prisoner has now served sufficient time to be eligible for parole consideration; but in the meantime, the prison officials had first accrued, and then forfeited, an award of industrial good time in his favor, and because of this forfeiture, the parole officials now refuse to consider his case.

The contention of the prisoner is quite simple: he says that, being a lifer, he was never entitled to any good time, industrial or otherwise, and that by purporting to give and then take away something he was never entitled to, the prison authorities have deprived him of something he was entitled to, viz.: parole consideration.

■ The court agrees. It is difficult for the court to see how "good time" can ever apply to or be of any benefit to a person serving a life sentence. How can it ever be computed? The Government argues that his sentence may sometime be commuted to a term of years, at which time he could then claim it, but under the facts of this case, this prospect is too remote. For example, this prisoner has already served 31 years. Moreover, the two sections of the Code came from the same Act of Congress. According to the Government's construction, one applies to persons serving life terms and the other does not. Can it be that Congress foresaw the futility of one type of good time to a lifer but didn't see the futility of the other? We don't think so. This conclusion is fortified by the fact that there is no necessity for such construction. The section relating to industrial good time (4162) provides that it shall be granted under "the same terms and conditions" as ordinary good time. We think one of these conditions is that it shall not apply to prisoners serving a life term. True, the addition of the words "without regard to length of sentence" might, at first blush, seem to indicate the contrary, but this does not necessarily follow; and considering that good time allowances generally do not, and in logic cannot, be applied against life terms, we think this language means "without regard to length of sentence" only where a term other than a life sentence, but not a life term, is involved.

■ If we be wrong in this construction, we still feel the prisoner should be given the benefit of the doubt in this case. This is not to say, of course, that he is entitled to parole; that is not for us to decide. We do hold, however, that under these circumstances he is entitled to have his case at least *considered* by the Parole Board without that body being precluded by the questionable action of the prison authorities.

It is therefore ordered, that, insofar as parole consideration is concerned, the defendants be, and are hereby, directed to strike and expunge or otherwise eliminate from consideration all entries within the files and records of the Federal Bureau of Prisons relating to the grant, forfeiture, and restoration of any and all accrued time off granted to Thomas Henry Robinson, Jr. under the purported authority of Section 4162 of Title 18 of the United States Code, so that insofar as the said accrued time off and subsequent forfeiture of same shall prejudice Thomas Henry Robinson, Jr.'s rights to a full and fair consideration by the United States Board of Parole, the same shall not appear.