729 P.2d 953

**Edward Lee LAWRENCE, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF CORREC-TIONS, James Ricketts, Director of the Arizona Department of Corrections, and Lloyd Bramlett, Warden of the Arizona State Prison, Defendants/Appellees.**

**No. 2 CA–HC 002.**

Court of Appeals of Arizona, Division 2, Department A.

July 21, 1986.

Edward Lee Lawrence, in pro per.

Robert K. Corbin, Atty. Gen. by Evelyn R. Epstein, Phoenix, for defendants/appellees.

OPINION

FERNANDEZ, Judge.

Appellant, serving a sentence of 15 years to life for second-degree murder, filed an

action challenging appellees' failure to apply the 180–day mandatory release date to his sentence, their alleged forfeiture of good time credits which he had earned, and the failure to subtract earned release credits from the maximum expiration date of his sentence. The lower court granted appellees' motion to dismiss for failure to state a claim and this appeal followed.

 Appellant's first claim stems from former A.R.S. § 31–411(B), which provided in part:

> Every prisoner shall be temporarily released according to the rules and regulations of the department one hundred eighty days prior to the expiration of the maximum sentence and shall remain under control of the department of corrections until expiration of the maximum term specified in the sentence.

It is obvious that, since appellant faces a maximum term of life in prison, A.R.S. § 31–411 could not be applied. Appellant's argument that earned release credits are not being subtracted from the maximum release date is similarly without merit.

The remaining argument, that appellees have forfeited credits which appellant has earned, is not borne out by the record. In their motion to dismiss, appellees included an uncontroverted affidavit of a Department of Corrections records supervisor which showed that no credits had been forfeited. In his reply brief, appellant argues that appellees overlook the concomitant argument that, since he had been placed in administrative segregation without due process, he had been prevented from earning the credits.

In that regard, A.R.S. § 41–1604(B)(2)(e) gives the director of the Department of Corrections the discretion to transfer inmates to administrative segregation. Appellant has not established that he was denied due process in his transfer. In *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court held that there is no liberty interest in this type of classification determination unless the state statute or regulation creates one. Since A.R.S. § 41–1604(B)(2)(e)

places discretion for such decisions in the director, it does not create a liberty interest, and appellant has not stated a claim for relief.

It appearing that the trial court properly granted appellees' motion to dismiss, we affirm.

HATHAWAY, C.J., and HOWARD, P.J., concur.