892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario David MARQUEZ, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 89-15615.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1989.*
Decided Jan. 10, 1990.
 
 Before POOLE, REINHARDT and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario David Marquez, an Arizona state prisoner, appeals pro se, the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim upon which relief may be granted. Marquez contends that his due process rights were violated because 1) he was placed into protective segregation and; 2) defendants should have explored alternative, less restrictive placement options before placing him into protective segregation. We affirm.
 
 FACTS
 
 3
 On September 9, 1987, Marquez was placed into protective segregation by the Institution Classification Committee of the Arizona State Prison Complex at Florence, Arizona.[1] On February 12, 1988, prison officials transferred Marquez to the Special Management Unit. On October 6, 1987, Marquez filed an action pursuant to 42 USC § 1983 with the United States District Court for the District of Arizona, alleging that his constitutional rights had been violated. The district court dismissed the complaint on February 26, 1988.
 
 
 4
 On June 14, 1988, Marquez filed a second amended complaint. On July 18, 1988, the District Court filed an order dismissing portions of the second amended complaint, but directing defendants to respond to the remaining allegations. On September 6, 1988, defendants moved the district court to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief may be granted. On April 5, 1988, the District Court filed an order dismissing the entire second amended complaint. Marquez timely appeals.
 
 ANALYSIS
 
 5
 "The fourteenth amendment provides that no state shall 'deprive any person of life, liberty, or property without due process of law....' " Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986) (citation omitted), cert. denied, 481 U.S. 1069 (1987). The threshold issue in this appeal is whether the plaintiff has a liberty interest in remaining within the general prison population. Id. A liberty interest may arise from the due process clause itself, or state law. Id. The due process clause does not create a liberty interest in freedom from administrative segregation. Id. at 1091. Nor do Arizona statutes and regulations concerning administrative segregation create a liberty interest in freedom from administrative segregation. See Roberts v. Spalding, 783 F.2d 867, 871 (9th Cir.), cert. denied, 479 U.S. 930 (1986); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986).
 
 
 6
 Marquez's mere placement into protective segregation did not violate his constitutional rights because he does not have a liberty interest in freedom from protective custody. See Toussaint, 801 F.2d at 1089; Roberts, 783 F.2d at 871; McFarland 779 F.2d at 1428. Hence, Marquez's contention that his placement into protective custody violated his constitutional rights lacks merit.
 
 
 7
 Moreover, it is undisputed by the parties that there was no regulation or state law in effect when Marquez was placed into protective segregation requiring an investigation into alternative housing units as an option to alleviate the need for protective segregation.[2] Therefore, there was no state law which gave rise to a liberty interest in such a procedure. See Lawrence v. Arizona Dep't of Corrections, 729 P.2d 953, 954 (Ariz.App.1986). Thus, Marquez's contention that his constitutional rights were violated because prison officials did not explore alternative housing units before placing him into administrative segregation also lacks merit.
 
 
 8
 Accordingly, the district court did not err in determining that Marquez failed to state a claim upon which relief may be granted, and the order of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Marquez states that he was placed into protective custody because his brother was killed by other inmates
 
 
 [2]
 In January 1988, after Marquez was already in administrative segregation, an Arizona Department of Corrections Director's Management Order (DMO 87-48) became effective. DMO 87-48 set forth procedural guidelines regarding the placement of inmates into protective segregation. DMO 87-48 3.8 states "Alternative units or housing assignments shall be explored as an option to alleviate the need for protective segregation."