947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank GONZALES, Plaintiff-Appellant,
v.
Frank TERRY, et al., Defendants-Appellees.
 No. 89-15216.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 28, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Gonzales appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On February 2, 1988, while he was incarcerated at the state prison in Florence, Arizona, Gonzales filed this section 1983 action. Gonzales alleged that prison officials had violated his rights to due process and to be free from cruel and unusual punishment by placing him in solitary confinement without a hearing or notice of the charges against him.[1] The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on the grounds that (1) Gonzales had been placed in solitary confinement for administrative reasons, and (2) because Gonzales had no protected liberty interest in remaining in the general prison population, his right to due process was not violated by his placement in administrative segregation. On June 14, 1988, the district court granted the defendants' motion in part, and granted Gonzales an opportunity to amend his complaint. Gonzales did not file an amended complaint, and on November 28, 1988, the district court granted the defendants' second motion to dismiss.
 
 
 4
 Gonzales contends that his placement in administrative segregation without a hearing or notice of the charges against him violated his right to due process. This contention lacks merit.
 
 
 5
 The due process clause does not create a liberty interest in freedom from administrative segregation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Nor do Arizona statutes and regulations governing administrative segregation create such a liberty interest. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) ("none of the statutes or regulations promulgated by the Arizona legislature or state correctional officials concerning administrative segregation contain the 'mandatory language' [necessary to create a liberty interest under Hewitt ]") (citing Ariz.Admin.Comp.R. 5-1-201 to 5-1-607); see also Lawrence v. Arizona Dep't of Corrections, 151 Ariz. 599, 600, 729 P.2d 953, 954 (Ct.App.1986) (because Ariz.Rev.Stat. § 41-1604(B)(2)(e) gives the Director of the Department of Corrections discretion to transfer inmates to administrative segregation, the statute does not create a liberty interest). Therefore, because Gonzales did not have a constitutionally protected liberty interest in being free from administrative segregation, the district court correctly determined the he did not state a claim for deprivation of due process.
 
 
 6
 Moreover, the district court properly found that the placement of Gonzales in administrative segregation did not constitute cruel and unusual punishment, unless the conditions of his confinement otherwise violated the eighth amendment. See Hewitt, 459 U.S. at 468 ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (prison conditions "must not involve the wanton and unnecessary infliction of pain").
 
 
 7
 In his response to the defendants' first motion to dismiss, Gonzales alleged that while he was in solitary confinement, he was denied medical care, outdoor exercise, and access to the courts. The district court granted him an opportunity to amend his complaint to allege properly these additional claims, but Gonzales did not file an amended complaint. Accordingly, because Gonzales did not properly raise these claims in the district court, we will not consider them on appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (pro se litigants must comply with court rules); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985) (this court generally does not consider issues not properly raised in the district court).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzales was placed in solitary confinement on December 23, 1987, and was released back into the general prison population on April 13, 1988
 
 
 [2]
 Gonzales's motion for trial is denied