76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lee SISK, Petitioner-Appellant,
v.
Samuel LEWIS, Director; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 95-16033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Lee Sisk, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it granted summary judgment in favor of the State. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Stephens v. Borg, 59 F.3d 932, 933 (9th Cir.1995), and affirm.
 
 
 3
 Sisk was convicted of first degree murder and on December 23, 1974 sentenced under the "old code" to life imprisonment, without possibility of parole for twenty-five years. He contends he has a right to good time credits under former A.R.S. §§ 31-251, 31-252.
 
 
 4
 In 1977, Arizona replaced its "old code" with a new criminal code. See State v. Valenzuela, 695 P.2d 732, 733-35 (Ariz.1985) (en banc). Under the new code, prisoners serving old code sentences still earn good time credits as provided by the old code. Id. at 735-36; see also McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona state prisoners have protected liberty interest in good time credits earned under mandatory language of A.R.S. §§ 31-251, 31-252). As of 1974, by legislative enactment, good time credits do not apply to parole eligibility but may only be deducted from the maximum term of a prisoner's sentence. Escalanti v. Arizona Dep't of Corrections, 851 P.2d 151, 153 (Ariz.Ct.App.1993); see also Arnold v. Moran, 560 P.2d 1242, 1243 (Ariz.1977) (en banc). By that enactment, the legislature effectively abolished good time credits for maximum terms of life imprisonment as time cannot be deducted from an indeterminate term. Escalanti, 851 P.2d at 153; see also Lawrence v. Arizona Dep't of Corrections, 729 P.2d 953, 954 (Ariz.Ct.App.1986). In short, when a prisoner's maximum sentence is life imprisonment, there is no entitlement to good time credits under A.R.S. § 31-251 or § 21-252. Escalanti, 851 P.2d at 153; see also Lawrence, 729 P.2d at 954. Consequently, Sisk has no protected liberty interest in good time credits and the district court did not err when it granted summary judgment in favor of the State. Cf. McFarland, 779 F.2d at 1428; see also McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir.1989) (federal courts bound by state court's determination of state law), cert. denied, 499 U.S. 943 (1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3