78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy Richard COOKUS, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Grant Woods, Respondents-Appellees.
 No. 95-17016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy Richard Cookus, an Arizona state prisoner, appeals pro se the district court's denial of his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Cookus contends that his maximum term of life imprisonment was impliedly repealed by the enactment of former A.R.S. §§ 31-251 and 31-252, which entitle Arizona state prisoners to receive good time credits. We disagree. Prisoners who are serving a maximum term of life imprisonment are not eligible for good time credits under former A.R.S. §§ 31-251 or 31-252. See Escalanti v. Arizona Dep't of Corrections, 851 P.2d 151, 153 (Ariz.Ct.App.1993); see also McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir.1989) (federal courts are bound by state court's determination of state law). Consequently, Cookus' life sentence was not impliedly repealed.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to Cookus' contention, the State is not judicially estopped from arguing that he does not earn good time credits or that he is not entitled to deduct the credits from his sentence. See General Signal Corp. v. MCI Communications Corp., 66 F.3d 1500, 1505 (9th Cir.1995) (judicial estoppel precludes a party from taking an inconsistent position in the same litigation)