Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify
the Clerk of any formal errors in order that corrections may be made
before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued December 15, 2003        Decided February 27 , 2004

No. 02-7063

ERIC GLASCOE, ET AL.,
APPELLANTS

v.

UNITED STATES OF AMERICA,
APPELLEE

————

Appeal from the United States District Court
for the District of Columbia
(00cv03118)

————

*Aaron Cooper*, appointed by the court, argued the cause as
*amicus curiae* on the side of appellants. With him on the
briefs was *Robert D. Wick*.

*Eric Glascoe*, *Jibril L. Ibrahim*, and *Bobby Morgan*, ap-
pearing *pro se*, were on the brief for appellants.

*Suzanne Grealy Curt*, Assistant U.S. Attorney, argued the
cause for appellee. With her on the brief were *Roscoe C.*

————

 Bills of costs must be filed within 14 days after entry of judgment.
The court looks with disfavor upon motions to file bills of costs out
of time.

*Howard, Jr.*, U.S. Attorney, and *John R. Fisher* and *Elizabeth Trosman*, Assistant U.S. Attorneys.

Before: RANDOLPH, ROGERS, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Precisely how long is an individual's life span minus, say, five years and 10 days? One cannot give a firm answer if the person is still alive. No matter, say the three petitioners here, each of whom seeks a deduction of good time credits from his maximum sentence of life imprisonment. If we agree with their position, counters the government, we will have converted indeterminate sentences into determinate sentences. The case turns on the meaning of two provisions of the District of Columbia Code.

While serving terms of imprisonment of at least 15 years to life, Eric Glascoe, Jibril L. Ibrahim and Bobby Morgan filed a joint *pro se* petition for a writ of habeas corpus. Each petitioner had been convicted in the Superior Court of the District of Columbia, and sentenced pursuant to the D.C. Code in the 1980's. Good time credits were applied to their minimum sentences. The district court, Friedman, J., rejected their claim that the D.C. Good Time Credits Act of 1986, D.C. CODE § 24–428 (repealed), also required good time credits to be applied to their maximum life sentences. Five months after the district court denied their petition, petitioners filed a motion for reconsideration under FED. R. CIV. P. 60(b). The district court denied the motion and petitioners filed a notice of appeal. We referred to the district court the question whether to grant them a certificate of appealability. The court issued the certificate, certifying two issues: "(1) whether institutional good time credit must be applied to a maximum sentence of life imprisonment, and (2) whether a maximum sentence of life imprisonment is deemed a term of 45 years for purpose of applying institutional good time credit to the maximum sentence." *Glascoe v. United States*, Civ. Action No. 00–3118, Order Granting Certificate of Appealability, at 3 (D.D.C. July 11, 2002).

The government questions the timeliness of the appeal. There is no doubt that the notice of appeal came too late to

bring up the district court's judgment denying the habeas petition. *See* FED. R. APP. P. 4(a). But the order denying reconsideration is properly before us. *See Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978). In rejecting the motion the court again addressed the merits of their case and granted a certificate of appealability on the underlying issues. We may therefore decide those issues, although we are confined to determining whether the district court abused its discretion in resolving them against petitioners. *Id.*; *see also Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988).

Enacted in 1987 and repealed in 1994, the Good Time Credits Act, § 24–428, provided in relevant part:

> (a) Every person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions of this section.
>
> . . . .
>
> (b) Good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

The time credited per month depended on the length of sentence. Good time credits of five days per month applied to a sentence of "not less than 30 days and not more than 1 year," the shortest term covered. § 24–428(a)(1). Credits of ten days per month applied to a sentence of "10 years or more," the longest term covered. § 24–428(a)(5).

Petitioners, through the amicus curiae we appointed for them (hereinafter "petitioners"), argue that § 24–428 applied to life sentences because it made "[e]very person" convicted of violating D.C. criminal law eligible for good time credits

and because it stated that good time credits "shall be applied . . . to the person's maximum term of imprisonment." § 24–428(a) & (b). The argument is quite implausible and the district court did not abuse its discretion in rejecting it. Section 24–428 stated that good time credits were to be granted "in accordance with the provisions of this section." No such provision mentioned life imprisonment. This is telling. It would be meaningless for prison authorities to award a prisoner serving a life sentence 10 days of good time credit each month, unless there is a reduction in the time he must serve. In the usual case, the amount of the reduction is easily calculated: the prisoner's sentence minus good time credits yields his release date. But imprisonment for life supplies no fixed term from which to deduct good time credits; the length of the sentence is indefinite. For this reason, other courts have rejected arguments like petitioners'. *See, e.g., Hunt v. Warden*, 903 P.2d 826, 829 (Nev. 1995); *Escalanti v. Dep't of Corr.*, 851 P.2d 151, 153 (Ariz. Ct. App. 1993); *Robinson v. Clark*, 278 F. Supp. 559, 560 (N.D. Ga. 1967). The rule of lenity, from which petitioners seek support for their interpretation of § 24–428, cannot assist them in view of the implausibility of their position. *United States v. Anderson*, 59 F.3d 1323, 1340 (D.C. Cir. 1995).

To overcome the indeterminacy of life sentences, petitioners propose that they be treated as if they had been sentenced to a term of years. They invoke the Indeterminate Sentence Act, D.C. CODE § 24–403(a). Under this provision, a judge imposing a felony sentence must set a "minimum period not exceeding one-third of the maximum sentence imposed"; if "the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed 15 years [sic] imprisonment." § 24–403(a). Putting the two clauses together, petitioners reason that they are entitled to mandatory parole after 45 years; hence, 45 years is the fixed term from which good time credits should be subtracted. The argument assumes that one may calculate the maximum term by tripling the minimum term. The equation holds true for determinate sentences. It does not hold true for life sentences. Three times 15 is 45; but one third of life is not

necessarily 15. The life imprisonment clause, as the district court rightly stated, is merely a default provision, added in light of the impossibility of coming up with any definite term of years when life is divided by three. Section 24–403 does not convert life sentences into 45 year sentences. Still less does it provide a fixed term from which to calculate a prisoner's release date by subtracting good time credits.

Petitioners' alternative proposal is that we direct the government to employ an actuarial approach, estimating the prisoner's lifespan and deducting good time credits from that figure. Whatever the merits of this idea as a matter of policy, no statute supports it. To order it would be to legislate.

We have considered and rejected petitioners' other arguments.

*Affirmed.*