Louis SCHNEIDER, Plaintiff—
Appellant,

v.

COUNTY OF SAN DIEGO, a municipal
corporation;  et al., Defendants—
Appellees,

and

Norman Hickey, in his official capacity
as Chief Administrative Officer for the
County of San Diego, Defendant.

No. 02–57034.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2004.[*]

Decided June 23, 2004.

O'Scannlain, Circuit Judge, filed dissenting
opinion.

Jeffrey D. Paape, Esq., Anderson & Kri-
ger, La Mesa, CA, Louis E. Goebel, Esq.,
Law Offices of Louis E. Goebel, San Die-
go, CA, Kenneth J. Chesebro, Esq., Aus-
tin, TX, for Plaintiff–Appellant.

John Sansome, Office of County Coun-
sel, San Diego, CA, for Defendants–Appel-
lees.

Morris G. Hill, Esq., Office of the Coun-
ty Counsel, San Diego, CA, for Defen-
dants–Appellees and Defendant.

Before: KOZINSKI, O'SCANNLAIN,
and SILVERMAN, Circuit Judges.

MEMORANDUM [**]

Because Schneider's efforts in litigating
the prejudgment interest and nominal
damages proceedings earned him an addi-
tional recovery of $17,703.66, the district
court erred in concluding that he was not a
"prevailing party" in these proceedings.
See *Buckhannon Bd. and Care Home, Inc.
v. West Virginia Dep't of Health and Hu-
man Res.*, 532 U.S. 598, 603, 121 S.Ct.
1835, 149 L.Ed.2d 855 (2001).  The district
court treated Schneider's entitlement to
fees as foreclosed by our denial of his
request for attorney's fees and costs on
appeal in case nos. 00–55798 and 00–56329,

---

[*] This panel unanimously finds this case suit-
able for decision without oral argument.  See
Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

in which he did not prevail. In doing so, the district court apparently overlooked our order in case no. 00–55709 in which, instead of denying Schneider's motion for attorney's fees and expenses, we referred his motion to the district court for consideration.

We reverse the order denying Schneider's motion for fees and expenses, and remand the case to the district court for consideration of Schneider's motion.

REVERSED AND REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting.

OSCANNLAIN, Circuit Judge.

On December 3, 2002, Louis Schneider filed a notice of appeal challenging the district court's September 10th denial of his attorneys' fees. Because this was well beyond the 30–day deadline established by Federal Rule of Appellate Procedure 4(a)(1)(A), I believe that we do not have jurisdiction to consider the legal merits of that judgment, and I must respectfully dissent from the majority's conclusion to the contrary.

I

The district court's second amended judgment, filed on September 10th, explicitly declined to award attorneys' fees to either party—Schneider himself conceded as much in his reply brief. It is also

beyond dispute that Schneider filed his one and only notice of appeal on December 3rd, 84 days later. Because 84 days clearly exceeds the applicable 30–day time-limit set forth in Rule 4, and because Schneider never sought to expand his time to appeal, we simply lack jurisdiction over that decision. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir.2003) ("Failure to timely file a notice of appeal necessarily results in [a] . . . lack of appellate jurisdiction."); *Cel–A–Pak v. Cal. Agric. Labor Relations Bd.*, 680 F.2d 664, 668 (9th Cir. 1982) ("Compliance with [Rule 4's] time limitations is both mandatory and jurisdictional."). While there are some exceptions to the 30–day rule, none of them apply to this case.

A

Federal Rule of Appellate Procedure 4 itself provides that certain motions toll the time to appeal the merits of a district court's judgment beyond the normal deadline. *See* Fed. R.App. P. 4(a)(4)(A). Schneider did file a motion "seeking attorneys' fees and expenses" on September 27th, 13 days (excluding weekends and holidays) after the district court's order denying such fees.[1] He initially styled this motion as arising under Rule 54, but later clarified that it was also predicated on Rule 60(b). But no matter how it is char-

---

1. Schneider claims to have filed the motion three days earlier, on September 24th, and sought to change the filing date nunc pro tunc to that date. The clerk's office was willing to alter the date, but only to September 26th. Subsequently, however, the lower court declined to change the filing date at all, and made the explicit factual finding that the motion was filed on the 27th. Schneider renews his September 24th contention on appeal, but the district court's finding is by no means clearly erroneous given that the date stamp on the motion clearly indicates that it was

indeed filed on the 27th. *See Schnabel v. Lui,* 302 F.3d 1023, 1029 (9th Cir.2002) ("[T]he district court's findings of fact relevant to subject matter jurisdiction are reviewed under the clearly erroneous standard."). Indeed, the fact that Schneider eventually hoped to establish that his motion was filed within 10 days of the district court's judgment, rather than within the 14 normally required by Rule 54, suggests that he may have recognized the potential jurisdictional problems with his decision not to appeal it.

acterized, it does not properly fall within any of Rule 4's tolling provisions.

At least three of these provisions are plainly inapplicable, for Schneider's motion cannot be characterized as one for "judgment under Rule 50(b)," Fed. R.App. P. 4(a)(4)(A)(i), as seeking "to amend or make additional factual findings under Rule 52(b)," Fed. R.App. P. 4(a)(4)(A)(ii), or as trying to obtain "a new trial under Rule 59." Fed. R.App. P. 4(a)(4)(A)(v).

Neither can it properly be understood as a Rule 59 motion "to alter or amend the judgment." Fed. R.App. P. 4(a)(4)(A)(iv). For, under "the law of this circuit ..., a motion to alter or amend a judgment to award costs does not come within Rule 59(e)." *Durham v. Kelly,* 810 F.2d 1500, 1503 (9th Cir.1987). And even if Schneider's motion were cognizable under Rule 59, it was too late, as the "District Court lost jurisdiction 10 days after entry of ... judgment to grant relief under Rule 52(b) or 59." *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

And although Schneider's ultimate goal was to get attorneys' fees, his September 27th motion cannot have been premised on Rule 54. A litigant cannot file a motion for attorneys' fees when such fees *have already been denied;* rather, one must appeal that denial or file a motion for reconsideration.[2] *See Cal. Med. Ass'n v. Shalala,* 207 F.3d 575, 576—77 (9th Cir.2000) (holding that when a litigant does "not appeal the fee award," it becomes "final

and [can] be set aside only through a motion for relief"). In any event, Rule 54 motions for attorneys' fees do not toll the time to appeal a judgment unless "the district court extends the time to appeal under Rule 58." Fed. R.App. P. 4(a)(4)(A)(iii). There was no such extension here, and because Federal Rule of Civil Procedure 58(c)(1) consequently dictates that "[e]ntry of judgment may not be delayed, nor the time to appeal extended, in order to tax costs or award fees," no action by the district court regarding this motion could have affected Schneider's appeal deadline.

The September 27th motion is thus best understood as a Rule 60(b) motion for reconsideration—in fact, that is how the district court itself interpreted it. But while it may have been timely under Rule 60(b), such motion could not toll the time to appeal the merits of the outstanding decision to deny attorneys' fees because it was filed "later than 10 days after th[at] judgment [was] entered." Fed. R.App. P. 4(a)(4)(A)(vi).

For these reasons, Schneider's September 27th motion does not come within any of Rule 4's tolling provisions,[3] and thus has no bearing on the question of our appellate jurisdiction over the district court's September 10th denial of attorneys' fees.

**B**

There is a final exception to Rule 4's 30-day jurisdictional rule. Known as the

---

**2.** Perhaps the district court erred by denying attorneys' fees at the same time it rendered judgment, without waiting for a Rule 54 motion. Nevertheless, the proper way to correct legal error is to appeal it, and the mere existence of possible error does not confer appellate jurisdiction of its own accord. *See Cel-A-Pak,* 680 F.2d at 668 ("Compliance with [Rule 4's] time limitations is both mandatory and jurisdictional.").

**3.** Neither can the motion be treated as a notice of appeal itself, for it simply "evince[d] a desire to have the district court retain jurisdiction and alter its judgment rather than a desire to effectively take an appeal and thus terminate the district court's jurisdiction." *Id.*

"unique circumstances" doctrine, this special exemption equitably tolls the time to appeal where "a court has affirmatively assured a party that its appeal will be timely." *In re Slimick*, 928 F.2d 304, 310 (9th Cir.1990).

Perhaps Schneider believes that the district court's eventual consideration of the merits of his September 27th motion was "ambiguous or implicitly misleading conduct." *Slimick*, 928 F.2d at 310. Nevertheless, even if that were an accurate description, it would "not release [Schneider] from [his] appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification." *Id.*

Indeed, this Court has specifically rejected the notion "that the district court's ruling on the merits of [an appellant's] motion for reconsideration ... ma[kes] it reasonable for [an appellant] to assume that the appeal time had been tolled." *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir.1992). That the district court entertained Schneider's motion might have excused any untimeliness in filing it below. But the particular grounds for the court's decision to deny reconsideration—whether purporting to reach the "merits" or not—can have no effect on our appellate jurisdiction over an preexisting judgment denying attorneys' fees rendered almost two months prior.

Moreover, the "unique circumstances" doctrine only applies "so long as the judicial action occurred prior to the expiration of the official time period" within which to appeal. *Fiester v. Turner*, 783 F.2d 1474, 1476 (9th Cir.1986) (internal quotation marks and emphasis omitted). Here, the time to appeal the district court's denial of attorneys' fees expired on October 10th, but the district court took no relevant action until November 2nd, long after the

time within which this exception might have been implicated.

For these reasons, the "unique circumstances" doctrine is inapplicable to this case. Because Schneider's notice of appeal was late, and because no other exceptions excused him from filing it on time, we lack appellate jurisdiction over the district court's decision to deny attorneys' fees.

## II

Although we lack jurisdiction to consider the merits of the district court's judgment, we do not lack jurisdiction over this appeal entirely. The district court denied Schneider's post-judgment motion on November 4th, and Schneider filed his notice of appeal on December 3rd, less than 30 days later. Therefore, we retain jurisdiction over that decision, which, as noted above, is properly characterized as the denial of a Rule 60(b) motion for reconsideration.

Possessing jurisdiction only over the disposition of a motion for reconsideration, rather than over the merits of the underlying judgment, is not unusual. In fact, this and other courts have confronted this situation on several prior occasions. *See, e.g., Glascoe v. United States*, 358 F.3d 967, 969 (D.C.Cir.2004) ("There is no doubt that the notice of appeal came too late to bring up the district court's judgment denying the habeas petition. But the order denying reconsideration is properly before us."); *Mt. Graham Red Squirrel*, 954 F.2d at 1463 ("While we lack jurisdiction over the merits of the district court's denial of the motion to intervene, we do have jurisdiction over Mountain States' appeal from the denial of its motion for reconsideration...."); *Fiester*, 783 F.2d at 1475 ("[A]lthough Fiester's notice of appeal is untimely as to the underlying judgment, it is timely as to the district court's denial of his motion for reconsideration."); *Cel–A–*

*Pak,* 680 F.2d at 668 (concluding "that no timely appeal was taken from the underlying judgment" but that there was "a timely appeal from the district court's order denying appellant's Rule 60(b) motion").

In such cases, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review," no matter the district court's grounds for decision. *Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. 556; *see also Title v. United States,* 263 F.2d 28, 31 (9th Cir.1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."). Rather, the order "is reviewable only for abuse of discretion in denying the motion for reconsideration—not for error in the underlying judgment." *Feister,* 783 F.2d at 1476.

So whether or not the majority believes that the district court erred in denying Schneider his attorneys' fees, we simply have no power to make such an inquiry. Rather, the only question before us is whether the district court abused its discretion in denying a motion to reconsider its prior ruling regarding attorneys' fees.

Here, "the record contains absolutely no evidence of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud." *Historical Research v. Cabral,* 80 F.3d 377, 379 n. 2 (9th Cir.1996). As such, longstanding precedent demonstrates that the district court did not abuse its discretion, and that its judgment should be affirmed. *See id.; Mt. Graham Red Squirrel,* 954 F.2d at 1463; *Fiester,* 783 F.2d at 1475; *Cel–A–Pak,* 680 F.2d at 668.

* Because the Immigration and Naturalization Service no longer exists as a separate agency and this appeal challenges a decision issued by a component of the Department of Justice, we substitute the Attorney General for the Immigration and Naturalization Service.

## III

For the foregoing reasons, I respectfully dissent from the majority's decision to reverse the district court's judgment denying attorneys' fees.