199 P.3d 706

**STATE of Arizona, Appellee,**

v.

**Richie W. PALMER, Appellant.**

**No. 1 CA–CR 07–0385.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 9, 2008.

As Corrected Dec. 10, 2008.

Terry Goddard, Attorney General, by Kent Cattani, Chief Counsel, Criminal Appeals Section, and Melissa A. Parham, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Park Law Office, PLC, by James Sun Park, Phoenix, Attorneys for Appellant.

THOMPSON, Judge.

¶1 Richie W. Palmer (defendant) appeals his convictions and sentences on counts 1 through 5 and, alternatively, asserts that he should be granted presentence incarceration credit on his natural life sentence following his first-degree murder conviction. Finding no error, we affirm.

¶2 Defendant and three accomplices beat to death victim B.M. The victim came to Phoenix with approximately $24,000 intending to purchase marijuana and transport it back to Chicago. Defendant was B.M.'s Phoenix contact. Defendant picked B.M. up from the airport and took him to defendant's former apartment, where defendant and his accomplices beat B.M. to death, stole his money and buried the body. Defendant, over the next few weeks, twice moved B.M.'s body, first to a storage locker and later to a fresh grave in a graveyard.

¶3 Defendant was charged with first degree murder (count 1), a class 1 dangerous felony, conspiracy to commit first-degree murder (count 2), a class 1 dangerous felony, robbery (count 3), a class 4 dangerous felony, conspiracy to commit robbery (count 4), a class 4 dangerous felony, theft (count 5), a class 2 dangerous felony, and aggravated criminal damage (count 6), a class 6 felony. Defendant was convicted by a jury on all six counts. The trial court sentenced defendant to: natural life in prison on the first-degree murder conviction; life imprisonment with possibility of release after twenty-five years on the conspiracy to commit murder conviction; six years imprisonment on the robbery and conspiracy to commit robbery convictions; three and one-half years imprisonment for the theft conviction; and one year imprisonment on the aggravated criminal damage conviction. The court determined that the sentences for counts 2 through 5 were to run concurrent to the natural life sentence. Defendant was given 708 days presentence incarceration credit on counts 2 through 5.

¶4 On appeal, defendant asserts:

(1) he was denied a fundamentally fair trial because the prosecutor committed misconduct by "vouching" for one of

the witnesses, A.L., who was one of defendant's accomplices; and

(2) the trial court erred in failing to give him presentence incarceration credit on his natural life in prison sentence.

¶ 5 Defendant asserts he was denied a fair trial when the prosecutor improperly "vouched" for A.L., who had entered into a cooperation agreement with the state as part of his plea agreement. The prosecutor had A.L. read his agreement, in pertinent part, during direct examination and referred to it again during closing argument. The prosecutor asked whether A.L. understood that his plea agreement could be withdrawn if he failed to testify truthfully and argued to the jury that the plea provided motivation for A.L. to testify truthfully or his "plea gets hitched." Defendant did not object to the prosecutor's questioning A.L. about the agreement nor did he object during the prosecutor's closing argument. The jury was given an instruction that the attorneys' closing arguments were not evidence.

¶ 6 There are two types of prosecutorial vouching. One involves placing the prestige of the government behind a witness and the other suggests that additional unrevealed evidence supports a guilty verdict; both are improper. *State v. Salcido,* 140 Ariz. 342, 344, 681 P.2d 925, 927 (App.1984). Both prosecutors and defense counsel are given wide latitude in arguments to the jury. *State v. Taylor,* 112 Ariz. 68, 84, 537 P.2d 938, 954 (1975). Here, defendant asserts that the prosecutor engaged in improper vouching. Our supreme court, in a similar scenario, disagreed. *See State v. McCall,* 139 Ariz. 147, 159, 677 P.2d 920, 932 (1983). In *McCall,* the court held that testimony regarding a plea agreement is relevant to the credibility of the prosecution's witness and that such "testimony does not amount to improper vouching but simply demonstrates that the witness had no motivation to testify falsely." *Id.* at 158–59, 677 P.2d at 931–32 (citing *United States v. Ricco,* 549 F.2d 264 (2d Cir.1977), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977)). For these reasons, we need not discuss whether defendant waived his objection or whether any waiver was harmless given the jury instruction and the weight of the evidence.

¶ 7 Defendant next asserts that the trial court erred when it failed to give him presentence incarceration credit for the natural life sentence imposed on the first-degree murder conviction. "A defendant who is sentenced to natural life is not eligible for commutation, parole, work furlough, work release or release from confinement on any basis." Ariz.Rev.Stat. (A.R.S.) § 13–703(A) (2004). In a case involving statutory credits against a sentence, this court previously found that "it is impossible to deduct time from an indeterminate denominate—a person's life." *Escalanti v. Dep't of Corrections,* 174 Ariz. 526, 528, 851 P.2d 151, 154 (App. 1993) ("when the legislature specifically provided that credits are to be deducted from the maximum sentence imposed, it abolished such credits for a maximum term of life in prison"). Likewise, presentence incarceration credit cannot be applied to defendant's benefit when he will never be released from prison. Thus, we find no error.

¶ 8 For the above stated reasons, defendant's convictions and sentences are affirmed.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.